**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**DEVON SMITH,**
Individually and on behalf of all others
similarly situated,
Plaintiff,

      vs.

**GENERAL INFORMATION
SERVICES, INC.**

      Principal Place of Business
      C/O Nate Gabelman, President
      917 Chapin Rd.
      Chapin, SC 29036

**THE SERVICEMASTER COMPANY,
LLC**

      By Serving its Statutory Agent
      CT Corporation System
      300 Montvue Rd.
      Knoxville, TN 37919-5546

      Principal Place of Business
      C/O Nikhil Varty, CEO
      860 Ridge Lake Blvd.
      Memphis, TN 38120

**SERVICEMASTER GLOBAL
HOLDINGS, INC.**

      By Serving its Statutory Agent
      Corporation Trust Company
      Corporation Trust Center
      1209 Orange St.
      Wilmington, DE 19801

      Principal Place of Business
      C/O Nikhil Varty, CEO
      150 Peabody Place
      Memphis, TN 38103

Defendants.

**Case No. 2:18-cv-230**

**Judge**

**Magistrate Judge**

**CLASS ACTIONCOMPLAINT
JURY DEMAND**

## CLASS ACTION COMPLAINT

Plaintiff Devon Smith, on behalf of himself and all others similarly situated, files this Class Action Complaint against Defendant General Information Services, Inc. and all of its subsidiaries, registered trade names, and fictitious names ("GIS"); and Defendant The ServiceMaster Company, LLC and ServiceMaster Global Holdings, Inc. and all of its subsidiaries, registered trade names, and fictitious names ("ServiceMaster") (collectively "Defendants") for violations of the Fair Credit Reporting Act. Plaintiff alleges, based on personal knowledge as to Defendants' actions and upon information and belief as to all other matters, as follows:

## NATURE OF THE CASE

1.     This is a consumer class action under the Fair Credit Reporting Act, 15 U.S.C. §1681, *et seq.* ("FCRA") brought on behalf of a Class against a Defendants that procure, use, and sell background information for employment purposes.

2.     The FCRA regulates the use of "consumer reports" for employment purposes, commonly called "background reports." By enacting the FCRA, Congress found there is a need to insure that consumer reporting agencies ("CRAs") exercise their important responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy. Moreover, Congress included in the statutory scheme a series of protections that impose strict rules on "users of consumer reports," such as Defendants in this case. These rules ensure that individuals, such as Plaintiff, are afforded their substantive rights established under the Fair Credit Reporting Act. Specifically, pertaining to employment-related background checks, the FCRA provides that a prospective employee must give consent to the background check, which includes both disclosure and authorization. *The authorization and disclosure forms must stand alone.*

2

Additionally, users of consumer reports, before declining, withdrawing, or terminating employment based in whole or in part on the contents of the report, must provide job applicants, such as Plaintiff, with a copy of their respective reports *and* a written summary of their rights under the FCRA. This class action involves Defendants' systematic violations of those important rules protecting Plaintiff's and class members' important substantive rights.

3.      In order to screen or check job applicants' backgrounds, users of consumer reports are required by the FCRA to: (1) disclose in writing to the consumer, "in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes," and (2) obtain written consent or permission from the applicant. 15 U.S.C. § 1681b(b)(2).

4.      ServiceMaster procures and uses background reports generated by nationwide CRAs to make employment decisions. Because such employment decisions are based in whole or in part on the contents of the criminal background reports, ServiceMaster is obligated to adhere to 15 U.S.C. § 1681b(b)(2).

5.      GIS operates a national database of public records and related employment histories as a nationwide consumer reporting agency ("CRA"). GIS maintains an FCRA database to prepare and furnish consumer reports for employment and other purposes. GIS provided these consumer reports to prospective and existing employers, including ServiceMaster and the prospective employer of Plaintiff and other members of the putative Classes. These employers refused to hire Plaintiff and other putative class members based in whole or in part on the contents of the consumer report.

6.     In violation of 1681b(b)(2)(A)(i), ServiceMaster procured a background check on Plaintiff without utilizing any disclosure form. ServiceMaster willfully failed to provide a clear and conspicuous disclosure in a document *that consists solely of the disclosure.*

7.     In violation of 1681b(b)(2)(A)(ii), ServiceMaster has obtained consumer reports without proper authorization. ServiceMaster's failure to provide any disclosure or obtain any consent or authorization triggers the statutory damages under the FCRA - of not less than $100 and not more than $1,000 for each violation - in which ServiceMaster obtained a consumer report without valid disclosure and authorization, as well as punitive damages, equitable relief, and attorneys' fees and costs.

8.     When using background reports for employment purposes, before declining, withdrawing, or terminating employment based in whole or in part on the contents of the report, the entity taking such adverse action must provide job applicants like Plaintiff with a copy of their respective reports *and* a written summary of their rights under the FCRA ("pre-adverse action notification"). 15 U.S.C. § 1681b(b)(3).

9.     In violation of 15 U.S.C. § 1681b(b)(3), GIS willfully failed to comply with the FCRA's mandatory pre-adverse action notification requirement twice (1) it did not send notice to Plaintiff until after he had already adjudicated his background grade as "Fail," and (2) it did not send notice to Plaintiff until after the decision had been made not to extend him an offer or continue his on boarding process. Moreover, GIS failed to inform Plaintiff that its adjudication of his status as "Fail" constituted an adverse employment action, and that he would not be hired. By using consumer reports to make adverse employment decisions without, beforehand, providing the person who is the subject of the report sufficient and timely notification, a copy of the report, a summary of rights under the FCRA, or any opportunity to correct any errors on the report, GIS

effectively leaves the person who is the subject of the report without any means to challenge the contents of the report or to even know who prepared the background report. GIS's actions trigger the statutory damages under the FCRA in the amount of not less than $100 and not more than $1,000 for each violation. Plaintiff and class members are also entitled to punitive damages, equitable relief, and attorneys' fees and costs.

10.     In violation of 15 U.S.C. § 1681b(b)(3), ServiceMaster willfully failed to comply with the FCRA's mandatory pre-adverse action notification requirement twice: (1) it did not send notice to Plaintiff until after he had already adjudicated his background grade as "Fail," and (2) it did not send notice to Plaintiff until after the decision had been made not to extend him an offer or continue his on boarding process. Moreover, ServiceMaster failed to inform Plaintiff that the adjudication of his status as "fail" constituted an adverse employment action, and that he would not be hired. By using consumer reports to make adverse employment decisions without, beforehand, providing the person who is the subject of the report sufficient and timely notification, a copy of the report, a summary of rights under the FCRA, or any opportunity to correct any errors on the report, ServiceMaster effectively leaves the person who is the subject of the report without any means to challenge the contents of the report or to even know who prepared the background report. ServiceMaster's actions trigger the statutory damages under the FCRA in the amount of not less than $100 and not more than $1,000 for each violation. Plaintiff and class members are also entitled to punitive damages, equitable relief, and attorneys' fees and costs.

11.     Each Defendant is informed of the necessary rigors FCRA compliance imposes, as the facts alleged in this case have been the subject of extensive litigation. Indeed, GIS has been many lawsuits regarding FCRA compliance.

12.     Pursuant to 15 U.S.C. §§ 1681n and 1681o, Plaintiff seeks monetary relief for himself and Classes of similarly situated employment applicants whose vital substantive rights under FCRA have been violated and/or abridged by Defendant.

## PARTIES

13.     Plaintiff Devon Smith is a "consumer" as protected and governed by the FCRA, and resides in Columbus, Ohio.

14.     Defendant GIS is a for-profit corporation incorporated under the laws of Delaware, with its principal place of business in Chapin, South Carolina; and GIS conducts business and markets its services throughout Columbus, Ohio and this District.

15.     Defendant The ServiceMaster Company, LLC, is a for-profit limited liability company incorporated under the laws of the United States of America, with its principal place of business in Memphis, Tennessee; and Defendant conducts business and markets its services throughout Columbus, Ohio and this District.

16.     Defendant ServiceMaster Global Holdings, Inc., is a for-profit corporation incorporated under the laws of Delaware, with its principal place of business in Memphis, Tennessee; and Defendant conducts business and markets its services throughout Columbus, Ohio and this District.

## JURISDICTION AND VENUE

17.     The Court has federal question jurisdiction under the FCRA, 15 U.S.C. § 1681p, and 28 U.S.C. § 1331.

18.     This Court also has jurisdiction pursuant to the Class Action Fairness Act 28 U.S.C. § 1332(d).

19.     Venue is proper in this Court because Defendants can be found in this District, Defendants regularly sell its products and services in this District, and the actions giving rise to the claims in this case occurred in this District. *See* 28 U.S.C. § 1391(b)(1)-(3).

20.     Pursuant to Southern District of Ohio Local Rule 3.1(b) this case is related to *Smith v. TruGreen, Inc. et al.,* Case No. 2:17-cv-00462. Each case is a consumer class action under the Fair Credit Reporting Act, 15 U.S.C. §1681, *et seq*., ("FCRA") by the same Plaintiff. Both cases arise from the same events and both cases call for a determination of the same or substantially identical questions of law or fact arising from the FCRA violation. Relating these actions pursuant to Rule 3.1(b) would reduce and/or eliminate the substantial duplication of effort and expenses incurred if the cases were to be heard by different judges.

## FACTUAL ALLEGATIONS

21.     Plaintiff's lawsuit against GIS and ServiceMaster arises from a position that Plaintiff applied for with TruGreen on or about March of 2016.

22.     TruGreen's initial application purported to disclose and require Plaintiff to consent to a background check as part of the employment hiring process. However, the "consent" form included many other disclosures in addition to the disclosed requirement of a background check. The disclosure form was not a "clear and conspicuous disclosure . . . in a document that consists solely of the disclosure that a consumer report may be obtained for employment purposes" as required by section 1681b(b)(2)(A)(i) for the FCRA.

23.     Instead, the Disclosure Form unlawfully included the following improper and extraneous language that distracts the consumer from the purpose of the stand-alone disclosure which is simply to inform the consumer "that a consumer report may be obtained for

employment purposes." The extraneous and distracting language in the Disclosure Form includes, but is not limited to, the following:

- TruGreen considers applicants for employment without regard to race, color, religion, sex, national origin, disability, age, veteran status or any other characteristic protected by applicable law. Further, no information obtained by TruGreen in response to any question in this application will be used in violation of any federal, state or local law.

- If I am employed by TruGreen, I understand that false or misleading information given in my application or interview(s) may result in immediate dismissal. I understand, also, that I am required to abide by all rules, regulations, policies and procedures of TruGreen.

- TruGreen requires that any applicant to whom a contingent offer is made must pass a drug test consistent with applicable laws and regulations. An offer of employment is contingent upon an applicant's submission to and passing the drug test. By signing this employment Application, I agree to undergo drug testing by urinalysis. I understand the results of this test will be disclosed to TruGreen, or anyone else on a need to know basis or as required by law. I understand that if I refuse to consent to testing, fail to provide a urine sample when requested, or the drug test result is positive, I will not be hired by TruGreen in accordance with the drug testing policy and consistent with federal, state, and local law.

- I understand and agree that if I am employed by, the employment will be "at will."

24.     Plaintiff was interviewed and offered a job with TruGreen contingent on completing certain employment forms, a motor vehicle registration check, his background check, and drug testing. During the interview process, and on the additional forms, Plaintiff disclosed that he had a past OVI, and Defendant told him it was not a problem and would not be a bar to employment so long as he wrote everything down accurately in the application forms.

25.     After TruGreen informed Plaintiff of its intent to hire him, Plaintiff ceased his job search. He did not fill out any additional applications with potential employers and he stopped sending out his resume.

26.     Plaintiff subsequently took and passed the required drug screening.

27.     After more than a month, and multiple phone calls to check in on when he would start, Plaintiff was informed by TruGreen that he would not be hired. Plaintiff did not learn of the reason for the no hire decision, and he did not have any opportunity to contest or appeal the adverse employment decision.

28.     Plaintiff subsequently filed a lawsuit against TruGreen for FCRA violations in the United States District Court for the Southern District of Ohio styled as *Smith v. TruGreen, Inc., et al.*, Case No. 2:17-cv-00462. The case has since been dismissed with prejudice. During the pendency of the case, however, Plaintiff procured letters written by GIS on behalf of ServiceMaster regarding his background check that was utilized to make the decision not to offer him the TruGreen job.

29.     The first letter sent by GIS was dated March 18, 2016, and addressed to Plaintiff. In that letter, GIS informed Plaintiff that ServiceMaster obtained a consumer report on Plaintiff. The letter is signed "General Information Services on behalf of Service Master Inc." The letter failed to inform Plaintiff that the consumer report had anything to do with his pending employment at TruGreen.

30.     Plaintiff never signed a disclosure form for ServiceMaster to procure his background report, and if ServiceMaster used the TruGreen form, it too was defective. ServiceMaster knew or should have known that its failure to provide a stand-alone disclosure was a violation of the FCRA because the statutory language of section 1681b(b)(2)(A) is clear that ServiceMaster could not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless "a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is

procured or caused to be procured, in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes." 15 U.S.C. § 1681b(b)(2)(A)(i).

31.     The March 18, 2016 letter sent by GIS, stated that ServiceMaster has or will be completing a review of his application within the next few days. The letter makes no reference to a future adverse employment action because of information in the background report. Indeed, the letter completely fails to inform Plaintiff that his background report contains negative information. The letter simply states that a background check was pulled, and that he can challenge dispute its accuracy.

32.     Upon information and belief, TruGreen entrusts ServiceMaster to procure on its behalf its background reports for applicants and current employees, and to make employment decisions based on information in the reports to make employment decisions.

33.     Plaintiff's background check was attached to the March 18, 2016 letter. The background report noted that Plaintiff's grade had already been adjudicated, and that he received the grade "Fail." Plaintiff did not receive any pre-adverse event notice, informing him that his background grade was to be determined as "fail," as required by 15 U.S.C. § 1681b(b)(3).

34.     Upon information and belief, as GIS and ServiceMaster are authorized by TruGreen, to apply pre-defined hiring criteria and to grade applicants, such as Plaintiff, to be ineligible for employment.

35.     By the time the first GIS letter was sent, the decision had already been made not to hire him as he was adjudicated fail *i.e.*, Plaintiff was already denied the job with TruGreen based on information contained in his background check. Accordingly, GIS and ServiceMaster failed to comply with the FCRA's pre-adverse action notification requirements, which would have required a letter prior to the adjudication of Plaintiff as fail.

36.     While the March 18, 2016 letter sent by GIS did include a copy of Plaintiff's background check, it did not include any information whatsoever regarding the grading scale applied to the report. The background check included multiple entries for the same motor vehicle violations, Plaintiff could not determine whether the entries were considered one violation or multiple violations. Without information regarding the grading scale Plaintiff could not determine the accuracy of the background check. The report was unclear about whether certain charges were double counted. Accordingly, Plaintiff could not make any meaningful challenge to the report or his adjudication as Fail. Any representation that Plaintiff could challenge inaccuracies in the report was illusory because it was impossible to know whether they existed.

37.     Plaintiff has also procured a second letter sent by GIS, to Plaintiff's address, dated March 25, 2016. This second letter, too, was sent by GIS and signed "General Information Services on behalf of ServiceMaster, Inc." The letter informed Plaintiff that ServiceMaster had elected not to extend Plaintiff an offer or continue his on boarding process—the letter was silent on the fact that the adverse decision concerned Plaintiff's employment with TruGreen. The adverse employment decision was based on the background check.

38.     Because the first letter sent March 18, 2016, failed to put Plaintiff on notice of a forthcoming adverse action—the decision not to extend Plaintiff an offer or continue his on boarding process—GIS and ServiceMaster failed to provide the required pre-adverse action notification as required  under 15 U.S.C. § 1681b(b)(3).

39.     ServiceMaster creates a real risk of harm when it procures background reports on behalf of entities without using any disclosure form. To the extent ServiceMaster procured the report using the TruGreen disclosure form, it still creates a real risk of harm because the form is merely one section of a larger document, resulting in information overload, which inhibits a

consumers' ability to agree to a background check with full knowledge of their rights and the potential consequences.

40.    As a result of ServiceMaster's failure to comply with the disclosure and authorization requirements of the FCRA, Plaintiff suffered concrete harm—he was deprived of the disclosure that was necessary for Plaintiff to give informed consent to a background check. In subsequently obtaining Plaintiff's background report without proper authorization, Plaintiff suffered additional harm when his statutory right to privacy was invaded.

41.    Additionally, as a result of ServiceMaster and GIS's failure to comply with the pre-adverse notification requirements of FCRA by sending notice before adjudicating him as fail, Plaintiff suffered additional concrete harm—he was deprived of information the he was entitled to receive by statute, including a copy of his report ("informational injury") before the adjudication of "Fail."

42.    Because the March 18, 2016 letter was silent as to the adverse action of adjudicating Plaintiff as "Fail," GIS and ServiceMaster caused Plaintiff to suffer concrete harm as lost time that could have been used looking for a new job—he had discontinued his job search and had no reason to believe he should restart his search.

43.    GIS and ServiceMaster caused Plaintiff to suffer concrete harm by providing a background report that was unclear, and without sufficient information to know whether there were inaccuracies. Accordingly, any purported opportunity to challenge the background report's accuracy was illusory.

44.    ServiceMaster and GIS caused Plaintiff to suffer additional concrete harm by not giving him an opportunity to review, verify, or correct any information in the consumer report before adjudicating him as fail.

45.     ServiceMaster and GIS caused Plaintiff to suffer harm by not sending him pre-adverse action notice, giving him an opportunity to review, verify, or correct any information in the consumer report before deciding not to extend him an offer or continue his on boarding.

46.     ServiceMaster and GIS caused Plaintiff to suffer harm because he had no way of knowing the letters they sent him concerned his pending employment with TruGreen.

## CLASS ACTION ALLEGATIONS

47.     Pursuant to Fed. R. Civ. P. 23 and FCRA § 1681b(b), Plaintiff brings this action on behalf of himself and on behalf of the following Classes:

> (a) All natural persons residing within the United States and its Territories regarding whom, within five years prior to the filing of this action and extending through the resolution of this action, ServiceMaster procured or caused to be procured a consumer report for employment purposes without any written disclosure or with using a written disclosure containing language substantially similar in form to the Disclosure Form TruGreen provided to Plaintiff and described above ("Class A").

> (b) All applicants or employees of TruGreen residing in the United States (including all territories and other political subdivisions of the United States) who were the subject of a background report procured or caused to be procured by ServiceMaster and or GIS that was used to make an adverse employment decision regarding such employee or applicant for employment, within five years prior to the filing of this action and extending through the resolution of this case, and for whom ServiceMaster and or GIS failed to notify the applicant of a forthcoming adverse action and or failed to provide the applicant an understandable copy of his or her consumer report or a copy of the FCRA summary of rights before it took such adverse action ("Class B").

48.     Plaintiff reserves the right to amend the definition of the classes based on discovery or legal development.

49.     Plaintiff and all Class members have been harmed by the acts of Defendants. Plaintiffs and members of Class A and Class B have suffered an invasion of their privacy and been deprived of substantive rights granted to them by the Fair Credit Reporting Act.

50.    Plaintiffs and members of Class A and Class B have suffered concrete informational harm by ServiceMaster and GIS's failure to obtain proper consent, which unfairly deprived them of relevant information.

51.    ServiceMaster's improper disclosure form and failure to obtain actual informed consent for a background check creates a substantial risk to Plaintiff and members of Class A and Class B of a deprivation of important relevant information, resulting in concrete harm.

52.    Plaintiffs and members of Class A and Class B have suffered concrete harm and been deprived of their ability to meaningfully authorize a consumer background check.

53.    Additionally, Plaintiff and all members of Class B have suffered informational harm when the background reports they received contained insufficient information to assess the accuracy.

54.    Plaintiff and all members of Class B have suffered informational harm when they were deprived of pre-adverse notices entitled to them under the Fair Credit Reporting Act.

55.    Plaintiff and all members of Class B have suffered concrete harm because ServiceMaster and GIS deprived them of their right to review their reports and challenge their accuracy before adjudicating them as "Fail" adverse action was taken.

56.    Plaintiff and all members of Class B have suffered concrete harm are subject to a real risk of harm by ServiceMaster and GIS's failure to send a pre-adverse event notice before the adjudicating the grade "Fail", because even if the information within the report is true, it may be amenable to contextual explanation, and Defendant Plaintiff and Class members were deprived of the opportunity to provide such context,

57.    ServiceMaster and GIS's acted on grounds generally applicable to the Class, thereby making final relief with respect to the Class as a whole appropriate.

58. This Class Action Complaint seeks money damages for each member of the Class pursuant to the statutory damages provision of 15 U.S.C.§ 1681n(a)(1)(A), punitive damages pursuant to 15 U.S.C. § 1681n(a)(2),attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3), and/or appropriate declaratory/injunctive relief.

59. The proposed Classes meet all the requirements of Federal Rules of Civil Procedure 23(a), (b)(2), and (b)(3).

## Rule 23(a)

60. **Numerosity**. Fed. R. Civ. P. 23(a)(1). Upon information and belief, Plaintiff alleges that the Class members are so numerous that joinder is impractical. The names and addresses of the Class members are identifiable through documents maintained by ServiceMaster and GIS, and the Class members may be notified of the pendency of this action by published and/or mailed notice.

61. **Commonality**. Fed. R. Civ. P. 23(a)(2).Common questions of law and fact exist as to all members of the Classes, and predominate over the questions affecting only individual members. The common legal and factual questions include, among others:

    a. Whether ServiceMaster willfully violated Section 1681b(b)(2) of the FCRA by procuring or causing to be procured consumer reports for employment purposes without providing a clear and conspicuous disclosure in a document that consists solely of the disclosure that a consumer report may be obtained for employment purposes and obtaining written consent;

    b. Whether ServiceMaster and GIS failed to provide notice of a pending adverse employment decision based on the background check to the applicant or

employee at least five business days before declining to hire or discharging the applicant or employee based on the results thereof (§1681b(b)(3)(A)(i));

c. Whether by sending an unclear report without adequate information to assess the accuracy of its findings, ServiceMaster and GIS failed to provide a copy of the consumer report to the applicant or employee at least five business days before declining to hire or discharging the applicant or employee based on the results thereof (§1681b(b)(3)(A)(i));

d. Whether ServiceMaster and GIS failed to provide a copy of a summary of the applicant or employee's rights under the FCRA before declining to hire or discharging the applicant or employee (§1681b(b)(3)(A)(ii));

e. Whether ServiceMaster and GIS acted willfully in disregard of the rights of employment applicants in its failure to permit its employees and automated systems to send employment applicants their full consumer report and a written statement of their FCRA rights at least five business days before taking adverse action based on the consumer report.

f. Whether Class members are entitled statutory damages, and if so, in what amount;

g. Whether Plaintiff and other Class members are entitled declaratory, injunctive, or other equitable relief.

62.    **Typicality.** Fed. R. Civ. P. 23(a)(3). Plaintiff's claims are typical of the claims of each Class member. Plaintiff makes the same claims that he makes for the Class members and seeks the same relief that it seeks for the Class members. In addition, Plaintiff is entitled to relief under the same causes of action as the other members of the Class, and Defendants have acted in the same manner towards Plaintiff and all Class members.

63.     **Adequacy.** Fed. R. Civ. P. 23(a)(4). Plaintiff is an adequate representative of the Class because his interests coincide with, and are not antagonistic to, the interests of the members of the Class he seeks to represent, he has retained counsel competent and experienced in such litigation, and he intends to prosecute this action vigorously. Plaintiff and his Counsel will fairly and adequately protect the interests of the members of the Class.

## <u>Rule 23(b)(2)</u>

64.     Plaintiff seeks certification under Fed. R. Civ. P. 23(b)(2), in that Defendants have acted or refused to act on grounds that apply generally to the Class, so that final injunctive relief and/or corresponding declaratory relief is appropriate respecting the Class as a whole.

65.     Plaintiff and all Members of Class A and Class B seek an injunction and/or corresponding declaratory relief stipulating that: 1) ServiceMaster must, prior to obtaining a prospective employee's authorization to procure a background report, produce in a clear and conspicuous manner a disclosure in writing to the consumer in a document that consists solely of the disclosure that a consumer report may be obtained for employment purposes, and 2) that ServiceMaster may not procure or cause to be procured a copy of the prospective employee's consumer report without first obtaining proper authorization and consent from the prospective employee.

66.     Plaintiff and all members of Class B seek an injunction and/or corresponding declaratory relief stipulating that ServiceMaster and GIS must, prior to taking any adverse action against a prospective employee based in whole or in part on the prospective employees consumer report, provide the consumer with the following: (a) the required Pre-Adverse Action Notice that explains to the applicant in clear and unambiguous words the forthcoming adverse action; (b) a

copy of the consumer report; and (c) a written description of the consumer's rights under the FCRA.

## **Rule 23(b)(3)**

67.     Pursuant to Fed. R. Civ. P. 23(b)(3), the questions of law and fact in this case that are common to all Class members predominate over individual issues (if any) because the key issues that need to be resolved pertain to ServiceMaster and GIS's procedures and knowledge and so do not vary from one Class member to another.

68.     **Predominance and Superiority.** Fed. R. Civ. P. 23(b)(3). Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by ServiceMaster and GIS's conduct. It would be virtually impossible for the Class members individually to redress effectively the wrongs done to them. Even if the Class members themselves could afford such individual litigation, it would be an unnecessary burden on the courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system present by the complex legal and factual issues raised by ServiceMaster and GIS's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a unified proceeding.

**Rule 23(c)(4)**

69.     Plaintiff may seek partial certification under Fed. R. Civ. P. 23(c)(4) in that questions of law and fact common to the class exist as to all Class members. Such a partial certification would be in the alternative to certification under Fed. R. Civ. P. 23(b)(2) and/or (b)(3).

**CLAIMS FOR RELIEF**
**COUNT ONE:**

**Failure to Make a Proper Disclosure in Violation of the FCRA (On behalf of Plaintiff and Class A and Class B), 15 U.S. C. § 1681b(b)(2)(A)(i)**

70.     Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

71.     Plaintiff and the putative Class members are "consumers", as defined by the FCRA, 15 U.S.C. § 1681a(c).

72.     The background reports ordered by ServiceMaster are "consumer reports" within the meaning of 15 U.S.C. § 1681a(d).

73.     ServiceMaster is liable for willfully violating section 1681b(b)(2)(A)(i) of the FCRA by utilizing inadequate disclosure and consent forms in order to procure or cause to be procured a consumer report from Plaintiff and Class members for employment purposes without first providing a clear and conspicuous disclosure in writing to the consumer in a document that consists solely of the disclosure that a consumer report may be obtained for employment purposes.

74.     ServiceMaster's violations were willful. ServiceMaster knew that its failure to use a background check disclosure form, or to attempt to use another entities defective form that included extraneous information is prohibited by the FCRA; yet ServiceMaster acted in

deliberate disregard of its obligations and the rights of Plaintiff and other Class members under 15 U.S.C. § 1681b(b)(2)(A)(i).

75.     ServiceMaster caused Plaintiff and putative Class members to suffer concrete harm and damages by not making them fully aware of their rights and protections under the FCRA and by depriving Plaintiff and Class members of disclosures that were necessary for Plaintiff and Class members to give informed consent for their consumer reports to be procured.

76.     Plaintiff and the Class members are entitled to statutory damages of not less than $100 and not more than $1,000 for every violation of the FCRA pursuant to 15 U.S.C. § 1681n(a)(1)(A).

77.     Additionally, Plaintiff and all Class members seek an injunction and/or corresponding declaratory relief stipulating that ServiceMaster must, prior to obtaining a prospective employee's authorization to procure a background report, produce in a clear and conspicuous manner a disclosure in writing to the consumer in a document that consists solely of the disclosure that a consumer report may be obtained for employment purposes.

## COUNT TWO:

**Failure to Obtain Proper Authorization in Violation of the FCRA (On behalf of Plaintiff and Class A and Class B), 15 U.S.C. § 1681b(b)(2)(A)(ii)**

78.     Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

79.     ServiceMaster violated 15 U.S.C. § 1681b(b)(2)(A)(ii) by procuring, or causing to be procured, consumer reports relating to Plaintiff and other Class members, without proper authorization. By failing to provide the disclosure and authorization forms in a clear and conspicuous disclosure in writing to the consumer in a document that consists solely of the

disclosure that a consumer report may be obtained for employment purposes, ServiceMaster failed to obtain proper authorization from Plaintiff and Class members.

80.     ServiceMaster's violations were willful. ServiceMaster knew that its background check authorizations were required under the FCRA, and disclosure forms should not include extraneous information that is prohibited by the FCRA; yet, ServiceMaster acted in deliberate disregard of its obligations and the rights of Plaintiff and other Class members under 15 U.S.C. § 1681b(b)(2)(A)(ii).

81.     ServiceMaster caused Plaintiff and putative Class members to suffer concrete harm and damages by not making them fully aware of their rights and protections under the FCRA and by depriving Plaintiff and Class members of disclosures that were necessary for Plaintiff and Class members to give informed consent for ServiceMaster to procure, or cause to be procured, their consumer reports. Plaintiff and Class members suffered further concrete harm when their privacy was invaded by the procurement of their consumer without proper consent and authorization.

82.     Plaintiff and the Class members are entitled to statutory damages of not less than $100 and not more than $1,000 for every violation of the FCRA pursuant to 15 U.S.C. § 1681n(a)(1)(A).

83.     Additionally, Plaintiff and Class members seek an injunction and/or corresponding declaratory relief stipulating that ServiceMaster may not procure or cause to be procured a copy of the prospective employee's consumer report without first obtaining proper authorization and consent from the prospective employee.

### COUNT THREE:

**Failure to Provide Pre-Adverse Notification, the Consumer Report, and a Copy of the
Consumer Rights in Violation of the FCRA (On behalf of Plaintiff and Class B only)
15 U.S.C. § 1681b(b)(3)(A)**

84.     Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

85.     The FCRA provides that any person "using a consumer report for employment purposes" who intends to take any "adverse action based in whole or in part of the report," must provide the consumer with a copy of the report and a written description of the consumer's rights under the FCRA, as prescribed by the Federal Trade Commission, before taking such adverse action. 15 U.S.C. 1681b(b)(3)(A).

86.     For purposes of this requirement, an "adverse action" includes "any . . . decision . . . that adversely affects any current or prospective employee." 15 U.S.C. § 1681a(k)(1)(B)(ii).

87.     ServiceMaster and GIS meet the definition of a "person," and regularly use background reports for employment purposes. 15 U.S.C. §§1681b(b)(3)(A)(i) and (ii).

88.     ServiceMaster and GIS willfully violated section 1681b(b)(3) of the FCRA by failing to provide Plaintiff and the members of the Class the following before using such report: (a) the required Pre-Adverse Action Notice; (b) a copy of the consumer report; and (c) a written description of the consumer's rights under the FCRA.

89.     ServiceMaster and GIS caused Plaintiff and putative Class members to suffer concrete harm by not making them fully aware of their substantive rights and protections under the FCRA.

90.     ServiceMaster and GIS caused Plaintiff and putative Class members to suffer harm by failing to provide notice as to what job the adverse action decisions referred—*i.e.*, that the adverse notice addressed his pending employment with TruGreen.

91.     ServiceMaster and GIS did not provide Plaintiff or Class members the proper pre-adverse action notice before taking the adverse action of adjudicating the applicant a grade of "fail" based his or her background report.

92.     ServiceMaster and GIS caused Plaintiff and putative Class members to suffer concrete harm by making adverse employment decisions—adjudicating a grade of fail, and deciding not to extend and offer or continue his or her employment—without providing Plaintiff or Class members an opportunity to review, verify, or correct background reports.

93.     Plaintiff and the Class members are entitled to statutory damages of not less than $100 and not more than $1,000 for every violation of the FCRA pursuant to 15 U.S.C. § 1681n(a)(1)(A).

94.     Additionally, Plaintiff and all Class members seek an injunction and/or corresponding declaratory relief stipulating that ServiceMaster and GIS must, prior to taking any adverse action against a prospective employee based in whole or in part on the prospective employees consumer report, provide the consumer with the following: (a) the required Pre-Adverse Action Notice; (b) a copy of the consumer report; and (c) a written description of the consumer's rights under the FCRA.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff and the Classes pray for relief as follows:

A. An order certifying the proposed FCRA classes herein under Federal Rule 23 and appointing Plaintiff and his undersigned Counsel as representatives of record to represent the same;

B.  As a result of ServiceMaster's willful violation of 15 U.S.C. § 1681b(b)(2)(A)(i), Plaintiff seeks for himself and each member of Class A and Class B damages, as provided by statute, of between $100 and $1,000 per violation;

C.  As a result of ServiceMaster's willful violation of 15 U.S.C. § 1681b(b)(2)(A)(ii), Plaintiff seeks for himself and each member of Class A and Class B damages, as provided by statute, of between $100 and $1,000 per violation;

D.  As a result of ServiceMaster and GIS's willful violation of 15 U.S.C. § 1681b(b)(3)(A), Plaintiff seeks for himself and each member of Class B damages, as provided by statute, of between $100 and $1,000 per violation;

E.  As a result of Defendant's willful violations of 15 U.S.C. § 1681b(b)(2)(i), 15 U.S.C. § 1681b(b)(2)(ii), and 15 U.S.C. § 1681b(b)(3)(A), Plaintiff seeks punitive damages in an amount determined at trial;

F.  That the Court award costs and reasonable attorneys' fees to Plaintiff and the Classes;

G.  An award of pre-judgment and post-judgment interest as provided by law; and

H.  That the Court grants such other and further relief as may be just and proper, including but not limited to any injunctive and/or declaratory relief that may be permitted.

Respectfully submitted,

/s/ Steven C. Babin, Jr.
Steven C. Babin, Jr.     (0093584)
Lance Chapin           (0069473)
CHAPIN LEGAL GROUP, LLC
580 South High Street, Suite 330
Columbus, Ohio 43215
Telephone:     614.221.9100
Facsimile:     614.221.9272
E-mail:   sbabin@chapinlegal.com
            lchapin@chapinlegal.com
*Attorneys for Plaintiff and the Proposed Classes*

## **JURY TRIAL DEMAND**

Plaintiff demands trial by jury on all issues so triable.

/s/ Steven C. Babin, Jr.
Steven C. Babin, Jr.     (0093584)
Chapin Legal Group, LLC
*Trial Attorney for Plaintiff*